UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TYRONE MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 2:10-cv-105-WTL-JMS |
| ) | |
| OFFICER GILBERT, ) | |
| ) | |
| Defendant. ) | |

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, this action brought by Tyrone McDonald must be dismissed.

**Discussion**

McDonald alleges that on August 14, 2007, while he was confined in a federal prison in District, was assaulted and seriously injured by another inmate and that the negligence of the defendant correctional officer permitted this assault to occur. He asserts claims against the defendant officer pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(6), 2680.

McDonald is a "prisoner" as defined by 28 U.S.C. § 1915(h). "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

Pursuant to § 1915A, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). That is the situation here, shown by consideration of the following factors:

- As to the *Bivens* claim, the complaint alleges nothing more than negligence on the part of the defendant, though negligence is not actionable under the Eighth Amendment. *Davidson v. Cannon,* 474 U.S. 344, 347-48 (1986). Additionally, the complaint shows on its face that it was filed more than 7½ months after the expiration of the two-year statute of limitations applicable to such actions. *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000); *Lewellen v. Morley*, 875 F.2d 118, 119 (7th Cir. 1988).

- As to the claim pursuant to the FTCA, the only proper defendant in an action pursuant to the FTCA is the United States itself, *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982), and the United States is not included as a defendant in this case. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005)(noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue").

For the reasons explained above, McDonald's complaint fails to state a claim upon which relief can be granted and the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/20/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana